IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLBY ALBRIGHT, | |
| Plaintiff, | 8:14CV115 |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff Colby Albright ("Albright"), a foreman who was employed by defendant Union Pacific Railroad Company ("UP"), filed this case on April 10, 2014, pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, after an injury that occurred during the course of his employment. (Filing 1, Complaint.) On January 8, 2016, Albright moved for summary judgment on the issue of UP's negligence—that is, "that Defendant, Union Pacific Railroad, through its supervisors and employees other than Plaintiff, negligently failed to exercise ordinary care to provide Plaintiff a reasonably safe place to work in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51." (Filing 58; Filing 59, Pl.'s Br. Supp. Mot. Summ. J. at CM/ECF p. 16 ("[T]he only question left for the Court to address in Plaintiff's Motion for Summary Judgment is: Did Plaintiff's injury result in whole or in part from the negligence of any of the officers, agents or employees of Union Pacific Railroad?").)

After Albright filed his motion for summary judgment, and on January 19, 2016, UP filed an unopposed motion to amend its answer "to admit negligence and its liability for any injuries suffered by plaintiff on August 17, 2011, while preserving the issues of causation and damages." (Filing 61.) The motion to amend was granted, and UP filed its amended answer on the same day. (Filing 63.) UP's amended answer states, among other things, that UP "admits the August 17, 2011 incident occurred as a result of the negligence of plaintiff's coworker and, as the employer of the coworker,

Union Pacific as a matter of law is held liable for the acts and omissions of the coworker." (Filing 63 at CM/ECF p. 2.)

In response to Albright's motion for summary judgment, UP states:

> On January 19, 2016, defendant filed a motion for leave to amend its answer to admit negligence and its liability for any injuries suffered by plaintiff on August 17, 2011, which are the same issues raised in plaintiff's motion. The Court granted defendant leave and it filed the amended answer. Accordingly, the issues raised in plaintiff's motion are resolved. The Court should therefore deny plaintiff's motion for summary judgment as moot.

(Filing 64, Def.'s Br. Regarding Pl.'s Mot. Summ. J.) Albright has not filed a reply brief or otherwise responded to UP's statement.

Because Albright's motion for summary judgment is based on whether UP "negligently failed to exercise ordinary care to provide Plaintiff a reasonably safe place to work in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51," and because UP now "admits the August 17, 2011 incident occurred as a result of the negligence of plaintiff's coworker and, as the employer of the coworker, Union Pacific as a matter of law is held liable for the acts and omissions of the coworker," I shall deny Albright's motion for summary judgment as moot. (Filing 58; Filing 63 at CM/ECF p. 2.) Accordingly,

IT IS ORDERED that the motion for summary judgment (Filing 58) filed by Plaintiff is denied as moot.

DATED this 13th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge