IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLBY ALBRIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; <br><br> Defendant. | **8:14CV115** <br><br> **ORDER** |

     This matter is before the court on Plaintiff's motion for leave to add an additional expert witness. (Filing No. 88). For the following reasons, the motion will be denied.

### STATEMENT OF FACTS

     Plaintiff filed his complaint in this court on March 10, 2014. (Filing No. 1). The complaint states Plaintiff was injured when a large rail fell on his foot while working for the defendant. (Id.). Plaintiff claims he subsequently suffered other injuries, including a lasting injury to his shoulder, after falling because of his injured foot. (Id.). Plaintiff requests damages for lost wages (past and future), impairment of earning capacity, and damages arising from the injuries, including damages for future care. (Id.).

     On June 3, 2014, the court entered its final progression order which set Plaintiff's deadline to complete expert disclosures for November 17, 2014. (Filing No. 11). However, due to Plaintiff's ongoing medical issues, extensive discovery, and the parties' efforts to solve the case through mediation, deadlines in this case were continued numerous times. (See Filing Nos. 23, 38, 57). The most recent extension, entered in June of 2016, ordered the following deadlines for complete expert disclosures:

         For the plaintiff:         June 16, 2016.

|   |   |
|---|---|
| For the defendant: | September 16, 2016. |
| Plaintiff's rebuttal: | October 3, 2016. |

(Filing No. 76). On November 3, 2016, Plaintiff filed this motion.

To date, Plaintiff has designated ten expert witnesses who will be called at trial, and he has identified seven other expert witnesses who may be called. (Filing No. 89 at CM/ECF p. 2). Plaintiff now wishes to add a life care planner as an expert to provide an opinion regarding future costs Plaintiff will incur. Defendant argues that Plaintiff has already designated at least three experts who have and will opine on Plaintiff's future medical needs and the associated costs. (Filing No. 89 at CM/ECF p. 2). Each of these experts produced reports and have been deposed by the defendant. (Id.). Plaintiff argues an expert life care planner would assist the court in evaluating Plaintiff's damages and guard against confusion to the jury in calculating damages. Plaintiff states if it is granted leave, Defendant should be provided 60 days to file a rebuttal report. (Filing No. 88 at CM/ECF p. 6).

ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). In general, the court will not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when

assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Id.; Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

This case has been pending for over two and a half years. And Plaintiff's motion for leave to add an additional expert was filed on November 3, 2016, more than five months after the June 16, 2016 deadline. Plaintiff disclosed numerous experts (around 17) within the scheduled deadline, but he fails to show why a life care planning expert was not and could not have been designated by the deadline set in the court's scheduling order. Accordingly, Plaintiff has failed to make a proper showing of due diligence and the court finds no good cause to modify the progression order.

IT IS ORDERED:

1) Plaintiff's motion for leave to add an additional expert, (Filing No. 88), is denied.

Dated this 7th day of December, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge